807 So.2d 83 (2001)
George W. GARBUTT, Appellant,
v.
Rosemary LaFARNARA, Appellee.
No. 2D97-4845.
District Court of Appeal of Florida, Second District.
December 5, 2001.
Rehearing Denied February 14, 2002.
David B. Krouk and Albert B. Lewis of Piper, Esteva, Green, Karvonen & Lewis, St. Petersburg, for Appellant.
Davis J. Plante and Robert W. Merkle of Merkle & Magri, P.A., Tampa, for Appellee.
BLUE, Chief Judge.
Rosemary LaFarnara obtained a $1.75 million judgment against George W. Garbutt based on a jury verdict. Mr. Garbutt seeks a new trial, contending the verdict resulted from improper jury argument by Ms. LaFarnara's trial counsel. We agree and, thus, reverse and remand for a new trial.
This is not the first time this court has considered this case. We previously affirmed the trial court's denial of a new trial, but in so doing we certified a question to our supreme court. See Garbutt v. LaFarnara, 754 So.2d 727 (Fla. 2d DCA 1999) (Garbutt I). The question that troubled this court involved whether the improper argument was preserved as a basis for a new trial when objections were made to some, but not all, of the improper arguments and a motion for mistrial based on improper argument was made before the case was submitted to the jury. Both the trial court and this court found there were numerous instances of improper argument, but we agreed that the motion for mistrial, made before the jury retired, was not sufficient to meet the "contemporaneous objection rule."
In response, the supreme court stated that the certified question had been answered in Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000), decided after Garbutt I, and it remanded the case to this court for reconsideration. Garbutt v. LaFarnara, 795 So.2d 957 (Fla. 2001) (Garbutt II). In Murphy, the court provided guidelines for granting a new trial based on unobjected-to closing argument, noting the failure to object during closing argument or request "a mistrial during or at the close of such argument." Murphy, 766 So.2d at 1031. Based on this language, we conclude the error was preserved here, and the Murphy analysis for unpreserved error is unnecessary.
We conclude that the improper closing argument was preserved and sufficiently egregious so that the motion for mistrial made prior to the case going to the jury should have been granted. Accordingly, we reverse and remand for a new trial.
CASANUEVA, J., Concurs.
THREADGILL, J., Dissents with opinion.
THREADGILL, Judge, Dissenting.
For the same reasons that I stated in Garbutt v. LaFarnara, 754 So.2d 727 (Garbutt I), I would affirm. I, therefore, respectfully dissent.