CORTIÑAS, Judge.
We review the trial court’s order granting a new trial based on numerous improper comments made by plaintiffs counsel during closing argument and the cumulative effect of those comments. A trial court’s decision to grant a new trial is reviewed for abuse of discretion. See Engle v. Liggett Group, Inc., 945 So.2d 1246, 1263 (Fla.2006); Murphy v. Int’l Robotic Sys. Inc., 766 So.2d 1010 (Fla.2000).
*1205 In Murphy, the Florida Supreme Court addressed the factors which a trial court must consider when dealing with unobject-ed-to comments in closing argument. Murphy, 766 So.2d at 1028-31. Such factors are only to be considered when there is a failure to object during closing argument or a failure to request a mistrial based on such statements during or at the close of such argument. See id. at 1031; Garbutt v. LaFarnara, 807 So.2d 83, 83 (Fla. 2d DCA 2001).
In this case, all of the improper comments cited by the trial court in its order granting a new trial were addressed through the trial court’s consideration of defense counsel’s motions for mistrials both during and at the end of plaintiffs closing argument.[1] Thus, the trial court was correct that the Murphy standard for unobjected-to comments did not apply. We find that the trial court did not abuse its discretion in granting a new trial.
Affirmed.

. We note that many of the improper comments made by plaintiff’s counsel were also objected to by defense counsel during closing argument.